IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| GREATER BIRMINGHAM MINISTRIES, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:22cv205-MHT |
| JOHN H. MERRILL, in his official capacity as Secretary of State of the State of Alabama, | ) ) ) ) ) | (WO) |
| Defendant. | ) ) | |

OPINION AND ORDER

Now before the court is a motion from defendant Secretary John H. Merrill for an expedited ruling as to the fees he is due for transmitting the voter records he was obliged to provide to plaintiff Greater Birmingham Ministries (GBM).

Secretary Merrill's motion was filed on the afternoon of October 26, 2022. The next day, October 27, the court held an on-the-record hearing on the motion. For the reasons discussed below, the court now denies Secretary Merrill's motion for an expedited ruling.

I.

On October 4, 2022, the court ordered Secretary Merrill to provide forthwith certain voter records that GBM had requested under the public-inspection provision of the National Voter Registration Act, 52 U.S.C. § 20507(i).  *See* Judgment (Doc. 91).  The court also provided that "[t]he parties have until November 22, 2022, to reach an agreement as to a reasonable fee for the records requested by and turned over to plaintiff Greater Birmingham Ministries, based on the actual costs that defendant Merrill incurs in their production to Greater Birmingham Ministries.  If they are unable to do so, they should notify the court by 5 P.M. on November 23, 2022."  *Id*. at 3; *see* Opinion (Doc. 90) at 25-26.

In his motion to expedite, the Secretary now seeks to deviate from this procedure.  He requests that an order setting fees "be entered no later than November 2, 2022"--a week from the date his motion was filed--in order to "eliminate issues around the finality of this

Court's October 4, 2022 Judgement."  Def.'s Notice and Motion for Expedited Ruling (Doc. 95) at 1.  The motion makes no mention of a proposed briefing schedule to ensure that GBM has an opportunity to convey to the court its views on the appropriate amount of fees.

As grounds for the motion to expedite, Secretary Merrill contends that the court's October 4 judgment is "likely not final."  *Id.* at 2.  The Secretary expressly concedes that the court's judgment is nonetheless appealable because it is an injunction, *id.* at 4, but maintains that "the appellate review process will be less complicated if final judgment is entered before that appeal is noticed," *id.*, and thus seeks an expedited ruling on voter-record fees.


## II.

At least three reasons lead the court to deny Secretary's motion to expedite, based on the dilatory nature of his conduct, the unfairness that would result if his proposal were adopted, and the availability of

3

other options to address his stated concerns as to finality and avoiding a piecemeal appeal.

First, Secretary Merrill waited more than three *weeks* after the court issued its holding--which set out a clear procedure to determine the fees for providing records to GBM--before requesting a deviation from that procedure. He is thus not well poised to request an expedited ruling on that deviation now (much less on a timeline that allows just one week to conduct briefing, hold any hearing or conference, and issue an opinion[1]).  While the Secretary represented at the hearing that he delayed requesting this deviation in order to determine the final costs of transmitting records to GBM, he did not explain why he could not have immediately, or at least sooner, put the court and GBM on notice of his intent to seek a deviation. *See* Oct. 27, 2022 Rough Draft Tr. at 6 ("[W]e filed this as soon as we could.  We couldn't finish the declarations

---

1. In addition, counsel for the Secretary requested the opportunity to file a reply brief to any brief GBM might file on the motion to expedite.  *See* Oct. 27, 2022 Rough Draft Tr. at 12.

and know what the money looked like until we finished producing the documents and being confident that we had complied with the Court's order.").[2]

Second, granting the Secretary's expedited request would be patently unfair. The court previously explained the rationale behind the procedure it established to determine the voter-record fees that GBM must pay the Secretary, that is, allowing the parties to focus on time-sensitive work related to the upcoming election without the less pressing distraction of determining the fee amount:

> "Given the importance of GBM receiving the records to which it is entitled in advance of the October 25 voter-registration deadline, the Secretary must turn over the requested records in full immediately. The parties will then have 14 days after the November 8 election to reach an agreement as to a reasonable fee for the records requested by and turned over to GBM, based on the actual costs the Secretary incurs in their production to GBM. If no agreement is reached, the court will order additional

_____

2. For their part, counsel for GBM stated at the hearing that they had "just hear[d] about it [the motion to expedite] in the last 24 hours," which would have been only shortly before Secretary Merrill filed the motion. *Id*. at 3.

> briefing and determine a reasonable cost for the
> specific sets of records at issue in this case."

Opinion (Doc. 90) at 25-26.   Counsel for GBM stated at
the October 27 hearing that they intend to contest the
issue of the fee amount, but that GBM is currently focused
on "outreach efforts ahead of the November election" and
that GBM's counsel "are also undergoing preparation for
the election."   Oct. 27, 2022 Rough Draft Tr. at 3.   The
court agrees with GBM's objection to the incredibly tight
timeframe the Secretary's motion would require for
briefing, especially given that the election is now less
than two weeks away.   Suddenly requiring GBM to brief the
fees issue in this posture would be remarkably unfair;
again, the Secretary could well have indicated his intent
to request a deviation weeks ago, giving GBM sufficient
opportunity to object to the proposed timeframe or else
to begin preparing to brief the substantive issues.
Moreover, the Secretary's proposal would deprive the
parties of any opportunity to resolve the issue of
voter-record fees between themselves, as provided for in
the court's original procedure.   Direct resolution by the

parties, where possible and feasible, is always to be favored.

Finally, to the extent that the Secretary is concerned about preventing a piecemeal appeal, adequate mechanisms already exist. Counsel for GBM stated on the record that, if the Secretary were to file a notice of appeal as to the court's injunction at this point, they would not oppose a motion in the appellate court to hold that appeal in abeyance until the fees issue was also made final and appealable under this court's original procedure. *See id.* at 8, 10. That approach would serve the Secretary's goal of avoiding a piecemeal appeal.

In the alternative, as discussed at the hearing, Federal Rule of Appellate Procedure 4(a)(5) permits a district court to extend the time during which a party may file a notice of appeal. *See id*. at 4-5. Counsel for GBM stated on the record that they would not oppose a motion from the Secretary for an extension of time to file a notice of appeal so as to allow him to pursue a unified appeal once the voter-record fees are determined

7

according to the court's original procedure.[3]  *See id.* at 5.  Moreover, the court notes that, as stated on the record at the October 27 hearing, it remains open to expediting the resolution of the voter-record fees to be paid by GBM, albeit not under the unfairly condensed schedule the Secretary has proposed.  Going forward, the Secretary may still pursue an earlier schedule for resolving the fees issue--but only after first consulting with GBM (while providing GBM with adequate time to respond and consider) to determine whether both parties can agree on a new schedule that is fair to both sides.

---

3. At the hearing, the Secretary expressed concern about whether Rule 4(a)(5) was in fact adequate.  *See id.* at 9-10.  But Rule 4 provides for a 30-day baseline period to appeal, *see* Fed. R. App. P. 4(a)(1)(A); up to 30 more days after that period to move for an extension, *see* Fed. R. App. P. 4(a)(5)(C); and up to 14 more days if the court grants an extension at the end of that second 30-day period, *see id.*  Here, even if the relevant starting point were the October 4 judgment, the end of the resultant 60- to 74-day period for appeal would fall in December 2022.  That timeframe is of course late enough to allow the parties to either resolve the question of voter-record fees on their own by November 22, 2022, or to notify the court of their impasse by then or much earlier, as provided for in the court's original procedure, so as to allow resolution by the court within the appeal timeframe.

The combination of procedural mechanisms to ensure that an appeal is possible and this court's willingness to adjust the schedule for determining the amount of voter-record fees will permit the Secretary to "avoid piecemealing appeals" and to "take everything in one appeal if [h]e can." *Id.* at 6.

\* \* \*

Accordingly, it is ORDERED that defendant Secretary Merrill's motion for an expedited ruling (Doc. 95) is denied.

DONE, this the 31st day of October, 2022.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE